No. 49427.—Protests 848569–G, etc., of Wo Kee & Co. et al. (San Francisco).

Opinion by COLE, J. The commodity classified as a mixture of chemical compounds was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore held dutiable as a nonenumerated manufactured article as claimed. In accordance with stipulation of counsel that the lotus nuts, bak hop, yuen yuk, lo hon kar, and ching yu yok (oryee yuk) are the same in all material respects as items involved in *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372), the claim for free entry under paragraph 1669 (19 U. S. C. 1940 ed. § 1201, par. 1669) as crude drugs was sustained. It was further stipulated that wai san root cut, wai shan pein, cha pin, sui le gon, and gon get are similar to those involved in *Oy Wo Tong* v. *United States, supra*. In accordance therewith they were held dutiable as drugs advanced, at 10 percent under paragraph 34 (19 U. S. C. 1940 ed. § 1001, par. 34). Wo chuck, Chinese medicinal wine, stipulated to be the same in all respects as that involved in *Wing Duck* v *United States* (6 Cust. Ct. 133, C. D. 446) was held not subject to the internal revenue tax. Protests sustained to this extent.

No. 49428.—Protests 29959–K, etc., of Henry & Co. et al. (San Francisco).

Opinion by COLE, J.   The ve-tsin in question was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing* v. *United States* (31 C. C. P. A. 43, C. A. D. 247).   In accordance with stipulation of counsel and on the authority of said cited case the ve-tsin was found to contain salt and was therefore excluded from paragraph 5 (19 U. S. C. 1940 ed. § 1001, par. 5) and held dutiable under paragraph 1558 (19 U. S. C. 1940 ed. § 1001, par. 1558), as claimed.   In accordance with stipulation of counsel wai shan kwok and wai shan pein, following *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372), were found to be substances possessing medicinal properties and used for their curative values.   The wai shan kwok was held to be in a crude state and therefore entitled to free entry under paragraph 1669 (19 U. S. C. 1940 ed. § 1201, par. 1669) and wai shan pein was found to be advanced in value or condition and therefore dutiable at 10 percent under paragraph 34 (19 U. S. C. 1940 ed. § 1001, par. 34).   Protests sustained to this extent.